TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00100-CR






John Rincon, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 1010456, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant John Rincon pleaded guilty to possessing over four grams of cocaine. See
Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2003). The district court adjudged
him guilty and assessed punishment at four years' imprisonment, as called for in a plea bargain
agreement. In two points of error, Rincon contends the court erred by overruling his pretrial motion
to suppress. Because Rincon attacks the court's ruling on a ground not raised below, we will
overrule the points of error and affirm the conviction.

Police officers executing a warrant to search Rincon's residence found, among other
things, 167 grams of cocaine and 333 grams of marihuana. The warrant was issued on the basis of
an affidavit from Austin Police Officer F. Knorre. Briefly summarized, the affidavit stated that
another officer had been told by a "concerned citizen" that a man named John Rincon was keeping
and selling cocaine at a residence on Doe Valley Lane; that city utilities records showed that utilities
at the suspect address were in the name of John Rincon; that Knorre went to the Doe Valley Lane
address and seized the trash located in the receptacle on the street in front of the house; that the
officer found within the trash a business card with the name John Rincon and plastic bags like those
used by narcotics dealers containing white powder residue that tested positive for cocaine; and that
Knorre knew from his training and experience that drug dealers often conceal controlled substances
in their residences.

In his first amended motion to suppress, Rincon urged that the search was unlawful
for two reasons. First, Rincon alleged that the supporting affidavit materially misstated the
information received from the informer. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). 
Second, Rincon urged that the affidavit did not state probable cause. In that connection, the motion
pointed out that the affidavit did not state when the informer saw the drugs in the house or when the
informer spoke to the police; that there had been no surveillance of the residence or controlled
purchase of narcotics therein; that Officer Knorre "performed no independent investigation of the
tip other than to rummage through the garbage outside the residence"; and that the discovery of
cocaine residue in the trash did not provide sufficient grounds for the issuance of the search warrant.

At a pretrial conference, Rincon's attorney told the court that the defense waived the
Franks contention and "we're just going to proceed on whether there's probable cause for the
issuance for the search warrant in the first place under the four corners rule." No evidence was heard
and the court took the motion under advisement. The court subsequently announced its finding that
the affidavit stated probable cause and overruled the motion to suppress.

In his two points of error, Rincon urges that the warrantless seizure and search of the
trash placed outside his house violated our state constitution and statutes. See Tex. Const. art. I, §
9; Tex. Code Crim. Proc. Ann. art. 1.06 (West 1977). He goes on to argue that when the fruits of
the unlawful search of his trash are excised from the affidavit, the remaining information does not
support a finding of probable cause to search the house. He does not contend before this Court that
the affidavit as written does not state probable cause.

The rules of appellate procedure require, as a prerequisite to presenting a complaint
for appellate review, that the complaint first be made to the trial court by a timely request, objection,
or motion that clearly and specifically states the grounds for the ruling sought by the complaining
party. Tex. R. App. P. 33.1(a)(1)(A). Similarly, the rules of evidence provide that error may not be
predicated upon a ruling which admits evidence unless a timely objection or motion to strike appears
of record, stating the specific ground of objection if it is not otherwise apparent. Tex. R. Evid.
103(a)(1). And so it is that appellate courts may uphold a trial court's ruling on any legal theory or
basis applicable to the case, but usually may not reverse a trial court's ruling on any theory or basis
that might have been applicable to the case but was not raised. Martinez v. State, No. 344-02, slip
op. at 8, 2002 Tex. Crim. App. LEXIS 233, at *13 (Tex. Crim. App. Dec. 11, 2002); State v.
Mercado, 972 S.W.3d 75, 77-78 (Tex. Crim. App. 1998).

Appellant's motion to suppress did not challenge the propriety of the seizure and
search of appellant's trash, argue that the information gleaned from that search should be disregarded
in determining the adequacy of the affidavit, or urge that the remaining information in the affidavit
did not give the magistrate probable cause to issue the search warrant. Instead, Rincon made it clear
both in his written motion and in his statements to the court that his sole contention was that the
affidavit as written did not state probable cause. Because Rincon's points of error seek to raise
issues not presented to the district court, we overrule them without reaching their merits.

The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003

Do Not Publish